Radcliff and Livingston, Justices.
To public officers in the city of ¡New York, where the different courts are held at the same time, indulgence has always been shown. Their causes have been called on, but not put down to the foot of the calendar if engaged in official duty, They did not lose their preference of other causes, when the public officers attended. An official situation would otherwise subject them to peculiar hardships in this city, though in other parts of the state, the same inconveniences do not exist.
Radcliff, J.
wished to know whether, after the adjournment of the court of oyer and terminer, any causes, younger than the one in question, had been tried.
Thompson, J.
There has been loches in the plaintiffs: the stipulation shows this is the second. The plaintiff ought to have employed other counsel, for the defendant should not be prejudiced: being concerned as public prosecutor ought not to cause any injustice to the defendant :(a) he ought to have the effect of his motion.

Biker,

for the plaintiffs, offered to consent to common bail.
Livingston, J.
As the plaintiffs have consented [*59] to common *bail though not imposed, Judge Bad-cliff and myself think the motion must be refused. The plaintiffs, however, will stipulate, and pay the costs of the last circuit.
On its being suggested That younger causes had been tried at the circuit, after the court of oyer and terminer had risen, the court deferred.pronouncing judgment till the calendar should be examined and that fact ascertained. By a certificate from the clerk of the court, it appeared that the present suit had been called and passed, and the affidavit of the defendant’s attorney stated, that younger issues(a) had been determined. On these grounds the court ordered judgment as in case of nonsuit, saying the certificate(b) of the clerk was equivalent to an affidavit, and it must be intended the cause had been regularly passed.
Judgment of nonsuit.

 See Anon. 2 Caines’ Rep. 246, in which it was ruled, according to the opinion of Thompson, J., that being a public officer is no excuse for not going to trial.

 Weed v. Ellis, post, 115; Jackson v. Valentine, 3 Caines’ Rep. 128; younger issues being tried, not always proof that a cause might have been brought on.

 S. P. Wright v. Murray, 7 Johns. Rep. 286. But a copy must be served when relied on in support of a motion. Fisk v. Bryden, 3 Johns, Rep 244.